PULLEY
vs.
SPANGENBERG,
COMLY
APPELLANT.

---

PULLY vs. SPANGENBERG.—COMLY APPELLANT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

An intervening party residing in Philadelphia, claiming a privilege on property attached in the suit, may show that advances have been made by his agent in New-Orleans, on the property shipped by the latter, and consigned to the correspondent of the party, in Havana; and he may show the manner in which the invoice of the property is made.

A party cannot prevent a cause from being remanded, by admitting the fact, of which the judge of the inferior court erroneously rejected the evidence offered.

This action was commenced by sequestration and attachment of four hundred kegs of lard, by the plaintiff claiming the privilege of vendor. On the day of the purchase, the defendant and vendee consigned the lard to the correspondent, in Havana, of Samuel Comly, living in Philadelphia. It was received and shipped at New-Orleans, by Samuel Thompson. The bills of lading had been signed, and advances made by Thompson on the lard, when the defendant removed from the state. Comly intervened, and claimed privilege on the lard, for his advances.

Judgment was rendered for the plaintiff, and the intervenor appealed.

*Maybin*, for appellant.

EASTERN DIS.
*May*, 1833.

PULLEY
*vs.*
SPANGENBERG,
COMLY
APPELLANT.

1. The court below erred, as is stated in the different bills of exceptions.

2. The plaintiff did not legally prove his debt.

3. The plaintiff had lost his privilege, and the intervenor had acquired one.

*Roselius*, for appellee.

1. The plaintiff's case is fully made out by the testimony on record.

2. The lard was still in the possession and at the risk of Spangenberg; therefore Pulley's privilege was unimpaired at the time he exercised it.

3. Thompson was not the agent of the intervenor; the transaction was a personal one; the receipt for the money advanced was taken in Thompson's individual capacity; and there was fraud and collusion between Spangenberg and Thompson.

The opinion of the court, MATHEWS, J. absent, was delivered by MARTIN, J.

Comly, an intervening party, who claims a lien or privilege on the property attached by the plaintiff, is appellant of a judgment in favor of the latter, on a verdict, which he made a vain effort to set aside.

He has drawn our attention to a bill of exceptions to the opinion of the court, who refused leave to ask Crosby, a witness under examination, whether he knew of any advances having been made by Thompson, the intervening party's agent, in New-Orleans, for and on account of him (the intervening party) on merchandise shipped to other places, and how the invoices of shipments were made out. This was objected to, on the ground that the question was irrelevant, as no agency was shown in Thompson to make such advances, and he could not prove his agency.

The intervening party claimed a lien or privilege, for advances made on the merchandise attached, through the

EASTERN DIS.
 May, 1833.

PULLEY
 vs.
SPANGENBERG,
 COMLEY
APPELLANT..

An intervening
party, residing
in Philadelphia,
claiming a privi-
lege on property
attached in the
suit, may show
that advances
have been made
by his agent in
New-Orleans on
the property ship-
ped by the latter,
and consigned to
the correspondent
of the party in
Havana; and he
may show the
manner in which
the invoice of the
property was
made.

agency of Thompson. It was not, therefore, irrelevant to establish the fact, that Thompson had, as the agent of the intervening party and for his account, made advances to persons shipping goods to the consignment of the intervening party's correspondent, and to establish, by the conformity of the invoice in the present case, to those of other merchandise on which advances were made, that the goods attached were actual goods on which advances were made. We, therefore, think the Parish Court erred.

But the plaintiff has contended, that he has a right, by his admission of the fact intended to be proven, to prevent the cause to be remanded, and to require our decision of it, on the evidence introduced, coupled with this admission.

When a cause is to be tried by a jury, both parties have an undoubted right to a verdict at their hands, and to their examination of every piece of legal evidence which either of the parties may deem it his interest to present; and neither has a right to withdraw the fair examination of the case on legal evidence, from the jury, and demand our judgment thereon, upon any admission which he may think his interest

A party cannot
prevent a cause
from being re-
manded by ad-
mitting the fact,
of which the
judge of the in-
ferior court erro-
neously rejected
the evidence of-
fered.

allows him to make. The party whom his adversary prevents to introduce legal evidence, has no need to eke out, in the best manner he can, the evidence he is allowed to offer; but may at once take his bill of exceptions, and depend on having his case sent back, and the opportunity given him to have any legal piece of evidence he may wish to introduce, presented to the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, the verdict set aside, and the case remanded, with directions to the court to allow the intervening party to put to the witness the question mentioned in the bill of exceptions; the appellee paying costs in this court.